WESTINGHOUSE ELECTRIC & MFG. CO. v. STANLEY ELECTRIC MFG. CO.

(Circuit Court, D. Massachusetts. July 1, 1902.)

No. 1,582.

1. PATENTS—CONSTRUCTION OF CLAIMS—ELECTRICAL DISTRIBUTION.
   The Stanley patent, No. 469,809, for a system of electrical distribution, as construed in Westinghouse Electric & Mfg. Co. v. Saranac Lake Electric Light Co. (C. C. A.) 113 Fed. 884, is for a transformer in which the so-called Stanley rule for ascertaining the proper length of primary coil inheres as an essential feature of the invention, and must be read into the claims, and such construction is conclusive upon the parties to such suit and their privies.

2. SAME—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   In a suit for infringement of a patent, the first thing to determine is the scope of the invention; and the second, whether the alleged infringing device comes within the invention as thus defined; and this rule applies on the hearing of a motion for a preliminary injunction, although the patent had been construed and its validity sustained in a prior suit between the same parties, where there is a dispute as to such construction.

3. SAME—INFRINGEMENT—ELECTRICAL DISTRIBUTION.
   The Stanley patent, No. 469,809, for a system of electrical distribution, claims 1 and 3, as previously construed and limited in a suit between the same parties, held not infringed, on a motion for a preliminary injunction.

In Equity. Suit for infringement of letters patent No. 469,809, issued to William Stanley March 1, 1892, for a system of electrical distribution. On motion for preliminary injunction.

Gifford & Bull, for complainant.

Mitchell, Bartlett & Brownell, for defendant.

COLT, Circuit Judge. This motion for a preliminary injunction is based upon the decision of the circuit court of appeals for the Second circuit in the case of this complainant against the Saranac Lake Electric Light Co., 113 Fed. 884; Id. (C. C.) 108 Fed. 221. It is not denied that the present defendant was the real defendant in that suit. That case, therefore, is res judicata as to both these litigating parties. So far as the decision in that case was favorable to the complainant, it is binding on this defendant; and, so far as it was favorable to the defendant, it is equally binding on this complainant. It is the law which governs this case as to both parties. In that case the court held the Stanley patent, No. 469,809, now in issue, to be valid, and not anticipated by prior patents, or by articles printed in various

foreign publications prior to the date of Stanley's invention. In his specification Stanley described a method known as the "Stanley rule." The two claims in issue were broad, and did not in terms include this rule. The court says in its opinion that the defendant contended that the prior art showed anticipation of these claims, because "this so-called Stanley rule is no part of the invention claimed," and "there is nothing in the claims requiring the rule to be considered as a part of the invention thereby covered"; and the court then proceeds to discuss the Stanley rule, and its bearing upon the invention and claims. It is conceded in the case at bar that the defendant's apparatus is not made by the Stanley rule. If, therefore, the Stanley invention, as construed by the court in the former suit, is limited to the employment of the Stanley rule, the defendant's apparatus falls outside of the monopoly of the patent. It becomes necessary, then, to determine whether the court, in its opinion, imposed the limitation of the Stanley rule upon the first and third claims of the patent. The complainant maintains, apparently with great confidence, and certainly with great positiveness of statement, that the court imposed no such limitation upon the Stanley invention; that the court held that the invention was for a transformer, "which is automatically self-regulating as to a secondary pressure," and "not for a rule," or for "a transformer having such a length of wire on its primary coils as would make it self-regulating," or for "a transformer having in its primary coils substantially such a length of wire as was described in the specification, and which would effect the result sought, irrespective of the means or methods employed in arriving at the result," or for a transformer which has "in its primary coils the proper length of wire to make it self-regulating," all of which means that the Stanley patent was held to cover the transformer described, irrespective of the Stanley rule by which the length of wire is obtained, although it was incumbent upon Stanley to point out one method by which the proper length of wire was determined. On the other hand, the contention of the defendant is that it is perfectly plain from the decision of the court that the Stanley rule is inherent in the Stanley invention, and that this limitation is imposed upon the claims. Does the language of the opinion sustain the complainant's position or the defendant's position? Is the Stanley patent, as construed by the court in the New York case, for a transformer, a product, in which the Stanley method does not of necessity inhere, or is it for a transformer, a product, in which the Stanley method does inhere as an all-essential feature, and the most important part of the invention? The opinion on this point is as follows:

"As stated before, after the Kennedy improvement a difficulty still existed, in that the candle power went up or down as lamps on any particular transformer were turned on or off. Stanley suggested that the difficulty was due to an improper length of wire on the primary; and, among much else, he states precisely, specifically, and exactly what that length should be. The amount of wire for a given character of current-supply cannot be stated in feet and inches, because it is, to some extent, dependent upon other things, such as the quality of iron employed in the core, the quality of copper used in the coils, the shape of the transformer, and the way the coils are applied. The Stanley patent, recognizing these variable elements, gives a rule applicable to all conditions. It says you may determine the proper length of the primary coil by connecting the transformer in circuit with the dynamo with

which it is to be used, and then winding on wire until the loss indicated by the formula $C^2R$, with the secondary circuit open, equals a certain loss of energy. The field of invention lies in that obscure and difficult art, which is so hard to be understood by those who have not constant practical experience with its phenomena, its laws, and its nomenclature, and deals with a branch of that art which is still evidently in dispute between those who have carefully studied it. It is fortunate, therefore, that we find the concession in defendant's brief that the rule above set forth for determining just what shall be the length of primary coil is not found in any prior patents or publications, for, with this concession, it is easy to determine from the record that there is no anticipation shown. It is contended, however, by the defendant that this so-called Stanley rule is no part of the invention claimed; that there is nothing in the claims requiring the rule to be considered as a part of the invention thereby covered; that it is merely in the nature of a recommendation, the patentee saying, 'In practice I use the following method,' being the so-called rule. The first claim (and in that respect the third claim uses similar language) prescribes for the primary coil 'such length of wire exposed to magneto-electric induction that when operated by the dynamo with which it is to be used,' under certain conditions, certain results will follow. Concededly the man skilled in the art would not have found in that art anything which would have told him precisely what that length of wire should be. The claim does not give any formula for determining what it should be, and, if the specification were equally silent, there might be some question as to whether Stanley had really contributed anything of importance to the art. Certainly it would yet remain for others to inform the art just how to find out a length which would operate as indicated in the claim. But when the patentee in his claim enumerates as one element of his combination a wire of a length which will accomplish the result sought to be achieved, and his patent discloses a method for determining that length with mathematical exactness, his claim may fairly be sustained for the length thus shown, although it might be that some other length covered by the language of the claim, but not of the rule, would fall outside the claim. The 'length of wire exposed,' etc., 'operated by,' etc., '* * * substantially as set forth,' is the length of wire that the specification shows as the result of a given formula. The so-called Stanley rule is therefore a part of the invention disclosed and claimed in the patent,—indeed, it would seem to be the main part of that invention; and with the patent thus construed the citations from the prior art show neither anticipation nor lack of invention. The whole argument of defendants on that branch of the case is so interwoven with the postulate that the Stanley rule is to be eliminated from the patent that when the postulate is not granted the argument becomes wholly unpersuasive."

Upon the most careful consideration of this opinion in connection with the record and briefs of counsel, its meaning seems to me free from doubt. The court states that after the Kennedy improvement a difficulty still existed, and that Stanley suggested the difficulty was due to an improper length of wire on the primary; that he states precisely, specifically, and exactly what the length should be; that the amount of wire for a given current supply was subject to variable elements; that "the Stanley patent, recognizing these variable elements, gives a rule applicable to all conditions." The rule is then set forth. After declaring that the field of invention lies in an obscure and difficult art, the opinion proceeds to state that it is fortunate the defendants have conceded that the Stanley rule "for determining just what shall be the length of primary coil is not found in any prior patents or publications," and that, "with this concession, it is easy to determine from the record that there is no anticipation shown." It is manifest that the defense of anticipation was decided in Stanley's favor from the fact

that Stanley had stated a rule for determining exactly the length of wire. As the claims of the patent do not expressly cover the Stanley rule, the court then considers the defendant's contention on this point. The opinion proceeds:

"It is contended, however, by the defendant that this so-called Stanley rule is no part of the invention claimed; that there is nothing in the claims requiring the rule to be considered as a part of the invention thereby covered; that it is merely in the nature of a recommendation, the patentee saying, 'In practice I use the following method,' being the so-called rule."

The court then refers to the claims:

"The first claim (and in that respect the third claim uses similar language) prescribes for the primary coil 'such length of wire exposed to magneto-electric induction that when operated by the dynamo with which it is to be used,' under certain conditions, certain results will follow. Concededly the man skilled in the art would not have found in that art anything which would have told him precisely what that length of wire should be. The claim does not give any formula for determining what it should be, and, if the specification were equally silent, there might be some question as to whether Stanley had really contributed anything of importance to the art. Certainly it would yet remain for others to inform the art just how to find out a length which would operate as indicated in the claim."

Here the court says, in substance, that a person skilled in the art would not have found anything in the art which would tell him precisely what the length of wire should be, that the claims do not give any rule or formula for determining what the length should be, and that, if the specification were equally silent, there might be some question as to whether Stanley had really contributed anything of importance to the art. The court then goes on to say, however, that:

"When the patentee in his claim enumerates as one element of his combination a wire of a length which will accomplish the result sought to be achieved, and his patent discloses a method for determining that length with mathematical exactness, his claim may fairly be sustained for the length thus shown, although it might be that some other length covered by the language of the claim, but not of the rule, would fall outside the claim. The 'length of wire exposed,' etc., 'operated by,' etc., '* * * substantially as set forth,' is the length of wire that the specification shows as the result of a given formula."

By this language the court plainly imports into the claims the Stanley rule set forth in the specification, and sustains the claims on this ground. This is made clear from what follows:

"The so-called Stanley rule is therefore a part of the invention disclosed and claimed in the patent,—indeed, it would seem to be the main part of that invention; and with the patent thus construed the citations from the prior art show neither anticipation nor lack of invention. The whole argument of defendants on that branch of the case is so interwoven with the postulate that the Stanley rule is to be eliminated from the patent that when the postulate is not granted the argument becomes wholly unpersuasive."

If we are to interpret language according to its natural meaning, I can discover no doubt or ambiguity in this opinion. When the court declares that the Stanley rule is "a part of the invention disclosed and claimed in the patent," and that "it would seem to be the main part of that invention," I must take the court to mean what it says.

Further, on the petition for a rehearing, the defendants contended that they did not make the concession as to the Stanley rule referred to in the opinion. In denying the motion the court said:

"It was supposed that upon the argument defendant's counsel practically conceded that the Stanley rule, as stated by the court, was not found in any prior patents or publications. If this supposition be incorrect, nevertheless we find in the record no prior patent or publication which states that one 'may determine the proper length of the primary coil by connecting the transformer in circuit with the dynamo with which it is to be used, and then winding on wire until the loss indicated by the formula $C^2R$, with the secondary circuit open, equals a certain loss of energy.'"

I cannot construe this whole opinion otherwise than as holding that the Stanley rule inheres in the Stanley invention, that this rule must be imported into the claims, that this rule is the main contribution which Stanley made to the art, and that it constitutes the principal and most essential part of the invention covered by his patent. I do not agree with the complainant's counsel that the court in the former case found the Stanley invention to reside in "a certain length of primary winding," and their argument on this point seems to me plainly in conflict with the invention as defined by the court. Where do we find in the opinion that it was Stanley's discovery of the proper length of wire in the primary which constitutes his invention, or that the invention is for a transformer having a proper length of wire, or that the Stanley rule is no part of the invention claimed, but only one method of determining the proper length of wire? I can find nothing in the opinion to warrant these contentions. On the contrary, the court expressly declares that the Stanley rule is the main part of the invention disclosed and claimed.

In a suit for infringement of a patent, the first thing to determine is the scope of the invention. The monopoly must be first defined, in order to tell whether the alleged infringing device is within it. In the present case, however, we are asked by complainant's counsel to decide first the question of infringement. Their contention is that, the Saranac transformer having been enjoined by the court in the New York case, it is the duty of this court to enjoin the defendant, unless it is shown that the transformer now in suit differs essentially from the Saranac transformer. It does not seem to me that this position is well taken. In my opinion, it is the duty of this complainant, under its present bill charging infringement, to show—First what the Stanley patent covers, as defined by the court in the other case; and, second, to show that the transformer now manufactured by this defendant comes within the Stanley invention as thus defined.

It is further maintained that the Saranac transformer did not embody the Stanley rule, and that consequently the transformer now alleged to infringe comes within the decision in the other case; but, in view of the opinion of the court as I interpret it, it must be presumed that the Saranac transformer contained the Stanley rule. Otherwise it leads to this conclusion: On the question of validity the Stanley patent is limited by the Stanley rule, while on the question of infringement there is no such limitation; in other words, a transformer may be outside the monopoly secured by the patent, and still infringe the patent. There is nothing in the language of the opinions of the circuit court of appeals, or of the circuit court, of the New York case, which would justify this court in holding that any such illogical and inconsistent conclusion was reached. Neither of those courts seems

to have regarded infringement as a question seriously disputed. This much at least can be said: After the appellate court in the other case had determined that the Stanley invention for the most part resided in the Stanley rule, and that the rule must be imported into the claims, and after the court said on the petition for rehearing that, "as to infringement," it "did not deem it necessary to add anything to the opinion below," it is manifest that the court did not understand from the opinion of the court below that the Stanley rule was eliminated from the Saranac transformer. For these reasons, the motion for a preliminary injunction must be denied.

Motion denied.